IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

UNITED STATES FOR THE USE OF
BRINSTOOL EQUIPMENT SALES, INC.,
d/b/a BES RENTAL AND SALES,

     Plaintiff,

vs.                                  No. CIV 00-726 MV/WWD

M.R. TAFOYA CONSTRUCTION, INC.,
ST. PAUL FIRE AND MARINE INSURANCE CO.,
and COMMERCIAL INDUSTRIAL COATINGS,

     Defendants.

## MEMORANDUM OPINION AND ORDER

This Matter Comes before the Court on Defendants' Motion to Dismiss Complaint Pursuant to FED. R. CIV. P. 12(b)(1) for lack of jurisdiction and pursuant to FED. R. CIV. P. 12(b)(6) for failure to state a claim **[Doc. No. 5]** filed July 11, 2000.  The Court finds that the Motion is well-taken and will be **GRANTED** on the grounds that the Plaintiff fails to state a claim pursuant to FED. R. CIV. P. 12(b)(6).

## FACTUAL BACKGROUND

The Court finds the following material facts to be undisputed.:  Defendant, M.R. Tayofa Construction, Inc (Tafoya) was the general contractor with the National parks Service  public works construction project located within Carlsbad Caverns National Park.  Defendant St. Paul Fire and Marine Insurance Company furnished the payment and the performance bond for the project for the use of persons supplying labor and materials to be used for the project.  This bond

1

was furnished under the auspices of 40 U.S.C. § 270a, commonly known as the Miller Act.

Plaintiff Brinstool Equipment Sales, Inc., supplied rental equipment and repairs to Defendant Commercial Industrial Coatings Corp., who was engaged as a subcontractor to D&R Tank Co. Inc.  D& R. Tank was in turn a subcontractor to Laguna Construction Co. Inc. Laguna was in turn a subcontractor to Defendant M.R. Tafoya.  Defendant Commercial Industrial Coatings failed to pay Plaintiff for the services or supplies rendered and has since gone out of business, leaving plaintiff with an unpaid balance of $9,972.77.

## STANDARD OF REVIEW

Federal courts are courts of limited jurisdiction and may only exercise jurisdiction when specifically authorized to do so.  *Castaneda v. INS*, 23 F.3d 1576, 1580 (10th Cir. 1994).  "A Court lacking jurisdiction cannot render judgment but must dismiss the cause at any stage of the proceedings in which it becomes apparent that jurisdiction is lacking." *Basso v. Utah Power & Light Co.*, 495 F.2d 906, 909 (10th Cir. 1974).  The party seeking to invoke a federal Court's jurisdiction sustains the burden of establishing that such jurisdiction is proper.  *Penteco Corp. v. Union Gas System, Inc.*, 929 F.2d 1519, 1521 (10th Cir. 1991).

Rule 12(b)(1) motions to dismiss for lack of subject matter jurisdiction typically take two forms: a facial challenge or a factual challenge.  *Holt v. United States*, 46 F.3d 1000, 1002 (10th Cir. 1995).  A facial challenge is an attack on jurisdiction that questions the sufficiency of the complaint.  *Id.*  In reviewing a facial attack on a complaint, the Court must accept the allegations in the complaint as true.  A factual attack on subject matter jurisdiction challenges the facts upon which subject matter jurisdiction depends.  *Id.*  In reviewing a factual attack on subject matter jurisdiction, a Court may not presume the truthfulness of the complaint's factual allegations but

must go beyond the allegations and evaluate the evidence presented by the parties. *Id.* While the Court may refer to evidence extraneous to the complaint in making appropriate factual findings on jurisdictional issues, it generally cannot convert a 12(b)(1) motion into one for summary judgment. *Wheeler v. Hurdman,* 825 F.2d 257, 259 (10th Cir. 1987).

A court, however, is required to convert a Rule 12(b)(1) motion to dismiss into a Rule 12(b)(6) motion or a Rule 56 summary judgment motion when "resolution of the jurisdictional question is intertwined with the merits of the case." *Holt,* 46 F.3d at 1003; *Wheeler*, 825 F.2d at 259 n.5. "The jurisdictional question is intertwined with the merits of the case if subject matter jurisdiction is dependent on the same statute which provides the substantive claim in the case." *Holt,* 46 F.3d at 1003.

Here it is apparent to the Court that Defendants are making a factual challenge to the propriety of Plaintiff bringing suit under the Miller Act on the grounds that Plaintiff does not fall within the scope of protection of the Act. Defendants' arguments are essentially that jurisdiction is impossible because Plaintiff cannot state a claim nor find any remedy under the Miller Act. Because Plaintiff's assertion of jurisdiction rests upon the same act under which he seeks relief, the Court finds that the jurisdiction question is intertwined with the merits of the case and the 12(b)(1) motion with therefore be construed as a 12(b)(6) motion to dismiss for failure to state a claim. *See Holt,* 46 F.3d at 1003; *Wheeler*, 825 F.2d at 259 n.5. A court may not dismiss a cause of action under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts supporting his/her claim that would entitle him/her to relief. *H.J. Inc. v. Northwestern Bell Tel. Co.*, 492 U.S. 229, 249-50 (1989). In considering a Rule 12(b)(6) motion, the court must assume as true all well-pleaded

3

facts, and must draw all reasonable inferences in favor of the plaintiff.  *Housing Auth. of the Kaw Tribe v. City of Ponca City*, 952 F.2d 1183, 1187 (10th Cir. 1991).  The issue in reviewing the sufficiency of a complaint is not whether the plaintiff will ultimately prevail, but whether the plaintiff is entitled to offer evidence to support his/her claim.  *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).  These deferential rules, however, do not allow the court to assume that a plaintiff "can prove facts that [he/she] has not alleged or that the defendants have violated the.... laws in ways that have not been alleged."  *Associated General Contractors of California, Inc. v. California State Council of Carpenters*, 459 U.S. 519, 526 (1983).  "[G]ranting a motion to dismiss is 'a harsh remedy which must be cautiously studied, not only to effectuate the spirit of the liberal rules of pleading but also to protect the interests of justice.'"  *Cayman Exploration Corp. v. United Gas Pipe Line Co*., 873 F.2d 1357, 1359 (10th Cir. 1989) (quoting *Morgan v. City of Rawlins*, 792 F.2d 975, 978 (10th Cir. 1986)).

## DISCUSSION

The question of both the Court's jurisdiction  and the merits of Plaintiff's claim turn on the single issue of whether Plaintiff falls within the scope of protection of the Miller Act.  The Miller Act requires the prime contractor of a construction contract to obtain and bond "for the protection of all persons supplying labor and material."  40 U.S.C. § 270a(a)(2).  The Act has been construed liberally "to protect those whose labor and materials go into public projects."  *J.W. Bateson Co. v. United States ex rel. Board of Trustees of Nat. Automatic Sprinkler Indus. Pension Fund*, 434 U.S. 586, 594 (1978).  Persons who furnish labor or material to the prime contractor for work or who have a "direct contractual relationship with a subcontractor" have a right of action on the payment bond for unpaid supplies or services.  40 U.S.C. § 270b(a).  The

4

Supreme Court has held that the protection of the Miller Act bond is available only to "(1) those

materialmen, laborers and subcontracts who deal directly with the prime contractor and (2) those

materialmen, laborers and subcontractors who, lacking express or implied contractual relationship

with the prime contractor, have a direct contractual relationship with a subcontractor." *Clifford*

*MacEnvoy v. United States fubo Calvin Tompkins Co*., 322 U.S. 102 (1944).   In support of its

holding, the Court cited the legislative history of the Miller Act which stated:

> A sub-subcontractor may avail himself of the protection of the bond by giving
> notice to the contract, but that is as far as the bill goes.  It is not felt that more
> remote relationships ought to come within the purview of the bond.  H.Rep.No.
> 1263 (74th Cong., 1st Sess.)

In *Bateson Company, Inc. v. United States ex rel. Board of Trustees of the National Automatic*

*Sprinkler Industry Fund*, 434 U.S. 586, 589 (1978), the Supreme Court clarified that a contract

with a prime contractor is a prerequisite to being a "subcontractor" within the Miller Act. Thus,

the rule emerged that in order to recover under the Miller Act, the plaintiff must be no more

remote than a "second-tier" subcontractor.  *See also* McBride and Touhey, 8 *Government*

*Contracts* §49A.20[2] Miller Act, 49 A-26-27 (1994) and cases cited therein ("[o]f vital

importance in determining whether a plaintiff may recover under a Miller Act payment bond is the

plaintiff's linear position in the list of those furnishing labor and material...a third-tier

subcontractor who supplies labor or material cannot successfully sue on the payment bond");

CCH, Government Contracts Reports ¶ 17, 120, *Recovery Under Miller Act Payment Bonds*

(1990).

Applying the narrow definition of contractor it is clear that only Laguna had a direct

contractual relationship with Defendant Tafoya, and therefore is the only subcontractor in this

5

case that falls within the purview of the Miller Act.  See *Bateson Company, Inc. v. United States ex rel. Board of Trustees of the National Automatic Sprinkler Industry Fund*, 434 U.S. at 589   It is undisputed that Plaintiff did not have direct contractual relationship with either the prime contractor, Defendant Tafoya or the subcontractor, Laguna.  Rather, Plaintiff had a contractual relationship with Commercial Industrial Pain Coatings, who likewise had no direct contractual relationship with Defendant Tafoya.  This contractual arrangement places Plaintiff as a fourth-tier contractor with too remote of a relationship to Defendant Tafoya to bring an action under the Miller Act.  Even construing the evidence in the light most favorable to Plaintiff, it is clear that he has no remedy under the Miller Act.  Though the result of such a determination leaves Plaintiff without recovery in the present cause of action, the Court can go no further than Congress and the Supreme Court have allowed.

## CONCLUSION

Plaintiff has failed to prove that he had a direct contractual relationship with the prime contractor Defendant Tafoya, or Tafoya's subcontractor, and accordingly is not entitled to recovery pursuant to the Miller Act.

**WHEREFORE,**

**IT IS HEREBY ORDERED** that Defendants Defendant's Motion to Dismiss for Lack of Jurisdiction pursuant to FED. R. CIV. P. 12(b)(6) is **GRANTED.**

**DATED** this 22nd day of August, 2000.

_____
MARTHA VÁZQUEZ
U. S.  DISTRICT JUDGE